UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIKA OUNG, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, *et al.*,<br><br>        Defendants. | Case No. C16-1200RSL<br><br>ORDER DENYING ALLSTATE'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant Allstate Fire & Casualty Insurance Company's Motion for Summary Judgment." Dkt. # 28. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that

there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**BACKGROUND**

On July 30, 2013, plaintiff Lika Oung was involved in a car accident while driving southbound on I-5 in Seattle, Washington. At the time of the accident Mr. Oung was stopped in traffic, and the vehicle behind him, driven by Balakrishman Swamy, was also stopped. A third

---

[1] This matter can be decided on the papers submitted. Defendant's request for oral argument is DENIED.

car driven by Harrison Wyles rear-ended Mr. Swamy's vehicle, which in turn rear-ended Mr. Oung's car. Mr. Oung suffered injuries to his head and neck and was taken to the emergency room. Both parties agree that Mr. Oung was not at fault.

Mr. Oung was insured by defendant Allstate Fire & Casualty Insurance Company ("Allstate"), including underinsured motorist ("UIM") coverage. Mr. Oung recovered the $100,000 policy limits from the at-fault driver Mr. Wyles, as well as $10,000 from Allstate for personal injury protection. Mr. Oung then filed a UIM claim with Allstate.

On January 9, 2015, Mr. Oung's attorney Brian Russell sent a letter to Allstate informing the defendant of the UIM claim on behalf of Mr. Oung and his wife Sophy Long. Allstate assigned the claim to adjuster Michael Cabin. Over the next eighteen months, Mr. Oung and Allstate disputed the value of the claim. During this time, emails, letters, and records were exchanged between Mr. Oung's attorney and Allstate, as Allstate repeatedly asked for more information. On March 25, 2015,[2] Mr. Russell sent a demand letter to Allstate seeking the policy limits of $100,000 for medical expenses, wage loss, and general damages including Sophy Long's loss of consortium. Decl. of Brian P. Russell (Dkt. # 32), Ex. 5. Mr. Oung requested arbitration as one option under his policy, but Allstate refused. Decl. of Michael Cabin (Dkt. # 30), Ex. 8. The parties engaged in two attempts at mediation, both of which were unsuccessful. Decl. of Michael Cabin (Dkt. # 30), at 17, 21. Mr. Cabin evaluated Mr. Oung's

---

[2] This date is somewhat disputed. Although the letter is dated March 25, Mr. Cabin maintains that the letter was not received until April 3. Decl. of Michael Cabin (Dkt. # 30), at 4.

ORDER DENYING
ALLSTATE'S MOTION FOR
SUMMARY JUDGMENT - 3

claim at least four times during this period and offered at most $15,474 to settle.[3] Decl. of Michael Cabin (Dkt. # 30), at 21.

On July 2, 2016, Mr. Oung filed suit against Allstate demanding the $100,000 UIM policy limits and also alleging bad faith related to Allstate's handling of the UIM claim. Mr. Oung was deposed on February 7, 2017. On March 17, 2017, Allstate agreed to pay the policy limits of $100,000.

The remaining issues in this litigation involve Allstate's handling of Mr. Oung's UIM claim. Plaintiff and defendant characterize the dispute dramatically differently. Allstate maintains that the back-and-forth merely "reflect[ed] a legitimate difference of opinion . . . as to the value of the UIM aspect of Mr. Oung's claim." Dkt. # 28 at 12. Mr. Oung, on the other hand, asserts that defendant's repeated requests for more information and lowball offers amounted to tactics designed to deny and delay paying the claim. Now, Allstate asks that the bad faith claim filed against it be dismissed by this Court as a matter of law.

---

[3] Mr. Cabin first evaluated Mr. Oung's claim on April 28, 2015, and determined that the value was less than the offsets, which totaled $106,500. These offsets included the $100,000 that Mr. Oung received from Wyles' insurer, as well as $6,500 from the $10,000 that he received from Allstate's personal injury protection. Decl. of Michael Cabin (Dkt. # 30), Ex. 6. On June 18, 2015, Mr. Cabin re-evaluated the claim and determined that the revised gross value was $115,191, and he offered Mr. Oung $8,691 (the revised gross value less the offsets) to settle. Decl. of Michael Cabin (Dkt. # 30), at 13. During this re-evaluation, a second adjuster valued the claim at $18,691. Decl. of Michael Cabin (Dkt. # 30), Ex. 11. Then, on July 1, 2015, Mr. Cabin evaluated the UIM claim a third time, and he concluded that the new gross value was $133,962, resulting in a UIM net value of $27,462. Decl. of Michael Cabin (Dkt. # 30), Ex. 15. A second adjuster valued the claim at $30,000, but once again, only $8,691 was offered to Mr. Oung to settle. Decl. of Michael Cabin (Dkt. # 30), Exs. 14-16. Finally, on May 29, 2016, Mr. Cabin valued the claim, including offsets, at $38,012. Decl. of Michael Cabin (Dkt. # 30), Ex. 19. Mr. Cabin subsequently increased his settlement offer to $15,474. Decl. of Michael Cabin (Dkt. # 30), at 21. Shortly after rejecting this amount, Mr. Oung filed suit.

**DISCUSSION**

Mr. Oung's causes of action include breach of contract, bad faith, and negligence, as well as violations of the Consumer Protection Act (CPA), RCW 19.86, *et seq.*, and the Insurance Fair Conduct Act (IFCA), RCW 48.30, *et seq.* Amended Complaint (Dkt. # 1, Attach. 1). Taken together, these claims allege that Allstate violated its duty of good faith in handling Mr. Oung's UIM claim.

In general, insurers owe a duty of good faith when dealing with their insureds. See RCW 48.01.030. This basic standard of good faith applies in the UIM context even when the relationship between the insured and the insurer becomes adversarial. See Ellwein v. Hartford Accident & Indem. Co., 142 Wn.2d 766, 780-781 (2001) (overruled on other grounds by Smith v. Safeco Ins. Co., 150 Wn.2d 478 (2003)). Violations of the insurance regulations set forth in the Washington Administrative Code (WAC) may establish a breach of the insurer's duty of good faith. Rizzuti v. Basin Travel Serv. of Othello, Inc., 125 Wn. App. 602, 615-616 (2005). In order to establish bad faith, Mr. Oung must also show that Allstate's conduct was "unreasonable, frivolous or unfounded." Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 560 (1998). To state a claim under the IFCA, Mr. Oung must prove that Allstate unreasonably denied a claim or unreasonably denied payment of benefits. Perez-Crisantos v. State Farm Fire & Cas. Co., 187 Wn.2d 669, 683 (2017).

Although the elements of these causes of action vary slightly,[4] at its core, they center on the reasonableness of Allstate's actions in handling Mr. Oung's UIM claim. WAC 284-30-330(2) provides that an insurer may not "refuse[] to pay claims without conducting a reasonable investigation," and WAC 284-30-330(6) provides that an insurer must "attempt[] in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." In this case, there are genuine issues of material fact regarding whether Allstate conducted a reasonable investigation and attempted to effectuate prompt and fair settlement. Allstate's summary judgment motion recounts numerous times that it requested more information about Mr. Oung's claimed medical bills and wage loss. Dkt. # 28 at 3-10. It is possible that these requests were reasonable and made in good faith to effectuate prompt settlement. It is also possible, however, that some of these requests were attempts to stall and delay. The reasonableness of Allstate's investigation is a question of fact for a jury to decide.

Perhaps more on point is WAC 284-30-330(7), which provides that an insurer may not "compel[] a first party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings." Allstate's highest offer prior to the lawsuit was $15, 474, even though the adjuster had additional settlement authority. Decl. of Michael Cabin (Dkt. # 30), at 21. After the lawsuit was filed, Allstate paid the policy limits of $100,000.

---

[4] For example, violations of certain WAC provisions constitute *per se* unfair trade practices under the CPA (Indus. Indem. Co. of the Nw., Inc. v. Kallevig, 114 Wn.2d 907, 923-924 (1990)), but without something more, these regulatory violations do not allow plaintiffs to pursue claims under the IFCA (Perez-Crisantos, 187 Wn.2d at 686).

Although this difference in figures is not dispositive (see Perez-Crisantos, 187 Wn.2d at 684), it is telling. This Court has written previously that "a lowball offer in the hopes that its insured would accept less than adequate compensation for his damages in order to avoid the delay and expense of litigation—is exactly the type of unfair act or practice at which WAC 284–30–330(7) is aimed." Morella v. Safeco Ins. Co., No. C12-672RSL, 2013 U.S. Dist. LEXIS 53255, at *8 (W.D. Wash. Apr. 12, 2013).

Even setting aside the disparity between Allstate's highest offer and its final payout, there is evidence showing that as Allstate's valuation of the UIM claim was rising, Mr. Oung was not offered additional money to settle. On July 1, 2015, Mr. Cabin evaluated the UIM claim for a third time and determined its value at $27,462, up from $8,691. Decl. of Michael Cabin (Dkt. # 30), Ex. 15. Yet in a letter dated that same day, he did not increase his settlement offer above $8,691. Decl. of Michael Cabin (Dkt. # 30), Ex. 14. Allstate's highest valuation of the UIM claim prior to the lawsuit was $38,012, but the highest settlement offer that Mr. Oung received was $15,474. Decl. of Michael Cabin (Dkt. # 30), Ex. 19. Whether this was reasonable or not is a question of fact.

Additionally, statements made by Allstate's adjuster may indicate that it was compelling Mr. Oung to litigate. For example, Mr. Cabin stated, "I also told [Mr. Russell] that if a lawsuit was filed and we obtained information that increased the value of the UIM claim, that we could re-evaluate the claim." Decl. of Michael Cabin (Dkt. # 30), at 21; see also Decl. of Michael Cabin (Dkt. # 30), Ex. 8. These statements, together with repeated requests for more

information, low settlement offers, and the ultimate payment of policy limits, could be viewed as unreasonably compelling the plaintiff to litigate in violation of WAC 284-30-330(7).[5]

Ultimately, whether Allstate acted reasonably in handling Mr. Oung's UIM claim is a question of fact. Smith, 150 Wn.2d at 484; Van Noy v. State Farm Mut. Auto. Ins. Co., 142 Wn.2d 784, 796 (2001). Viewing all of the evidence in the light most favorable to Mr. Oung, this Court cannot say, as a matter of law, that Allstate acted reasonably. Because there is a genuine dispute of material fact regarding whether certain WAC provisions were violated and whether Allstate's conduct was reasonable, this case is not appropriate for disposition on summary judgment.

**CONCLUSION**

For all of the foregoing reasons, defendant's motion for summary judgment (Dkt. # 28) is DENIED.

Dated this 14th day of November, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[5] Based on the disputed facts related to WAC 284-30-330 (2), (6), and (7), the Court need not address the other alleged regulatory violations.